NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

THIRUSELVAM SAKTHIVEIL,
*Plaintiff/Appellant*,

v.

CLEAR TITLE AGENCY OF ARIZONA LLC,
*Defendant/Appellee*.

No. 1 CA-CV 20-0407
FILED 2-25-2021

Appeal from the Superior Court in Maricopa County
No.  CV2018-007158
The Honorable Sherry K. Stephens, Judge

**AFFIRMED**

COUNSEL

Thiruselvam Sakthiveil, Phoenix
*Plaintiff/Appellant*

Murphy Cordier, PLC, Phoenix
By Michael A. Cordier
*Counsel for Defendant/Appellee*

_____

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

_____

**W E I N Z W E I G**, Judge:

**¶1**        Thiruselvam Sakthiveil appeals the superior court's order granting summary judgment to Clear Title Agency of Arizona, LLC ("Clear Title") on his claims for breach of contract and breach of good faith and fair dealing.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Sakthiveil is a real estate investor who once owned 25 residential properties in Maricopa County.  In or around May 2014, Sakthiveil received unsolicited text messages and emails from strangers who offered to sell him 720 kilograms of gold—valued between $13 and $28 million—if he wire transferred $3 to $4 million into designated overseas bank accounts.  Sakthiveil was told the gold was located in the Republic of Benin and the strangers promised to ship the gold to Sakthiveil's Arizona address on a United Nations cargo plane.

**¶3**        Sakthiveil accepted the offer.  He then worked with lenders to raise the cash by refinancing his residential properties.  Clear Title was the title company for these transactions, opening seventeen distinct escrow accounts for Sakthiveil between May 2014 and July 2015.  For each escrow account, Sakthiveil signed Clear Title's standard terms, which required Clear Title to perform standard escrow services—search title, facilitate issuance of title insurance, research liens and taxes, gather documents and record deeds of trust when needed.  Clear Title also agreed to collect and hold the lenders' funds and disburse the funds as directed upon closing.  In all, Sakthiveil directed Clear Title to wire around $4 million to overseas bank accounts identified by the strangers.

**¶4**        The gold never arrived.  Sakthiveil later sued Clear Title for breach of contract and breach of the duty of good faith, alleging that Clear Title employees had orally guaranteed his gold deal with the strangers and promised to return his money.  After briefing and oral argument, the superior court granted Clear Title's motion for summary judgment and

2

awarded attorney fees and costs to Clear Title. Sakthiveil appeals. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶5**　　　　Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "We review de novo a grant of summary judgment, viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion." *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). A moving party is entitled to summary judgment "if the facts produced in support of the [nonmovant's] claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Id.* at ¶ 13. A plaintiff bears the "burden of showing available, competent evidence that would justify a trial" once the defendant establishes it is entitled to summary judgment. *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 156 (App. 1993). We may affirm the superior court's grant of summary judgment if it is correct for any reason. *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 581, ¶ 6 (App. 2001).

**¶6**　　　　Sakthiveil contends that Clear Title orally guaranteed the strangers would deliver the gold. This theory fails for at least two reasons. First, oral modifications to an escrow agreement must be supported by separate consideration under Arizona law. *See Demasse v. ITT Corp.*, 194 Ariz. 500, 506, ¶ 18 (1999) (modification requires offer, acceptance and consideration). Sakthiveil does not address this requirement or points to evidence in the record creating a genuine dispute of material fact on whether the oral guarantee was supported by separate consideration.

**¶7**　　　　Second, the oral guarantee alleged here would be unenforceable under Arizona's statute of frauds unless memorialized in writing and signed by Clear Title. A.R.S. § 44-101(2) ("No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized: To charge a person upon a promise to answer for the debt, default or miscarriage of another.").

**¶8**　　　　Sakthiveil counters that the statute of frauds does not apply to oral insurance agreements, citing *Graham v. Vegetable Oil Prods., Co.*, 1 Ariz. App. 237 (1965). But *Graham* also recognizes that the statute of frauds

3

bars enforcing an oral contract to become another's guarantor. And the limited exception detailed in *Graham* is inapplicable here. *Id.* at 242 (exception only applies where the "leading object" of an unwritten promise "is to protect [the promisor's] own interest and not to become the other's guarantor").[1]

**CONCLUSION**

**¶9** We affirm the superior court's grant of summary judgment to Clear Title. Clear Title requests its reasonable attorney fees and costs on appeal. *See* A.R.S. §§ 12-341, -341.01. As the prevailing party, we grant Clear Title its reasonable attorney fees and costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[1] Sakthiveil also argues the superior court erroneously admitted an affidavit of Clear Title's representative. We find no abuse of discretion on this record and note Sakthiveil had the burden of proof on his claims, which were dismissed for lack of evidence creating a genuine dispute of material fact.